# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PRESLEY,<br>        Plaintiff,<br>    v.<br>SOCIAL SECURITY ADMINISTRATION,<br>        Defendant. | NO. EDCV 18-1979-DSF (KS)<br><br>**ORDER: DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On September 17, 2018, Defendant removed the above-entitled action from Riverside County Superior Court to the Central District on the grounds that, *inter alia*, Plaintiff, a California resident proceeding *pro per*, appears to disagree with a determination by the Social Security Administration regarding disability benefits. (Dkt. No. 1.) On September 19, 2018, the Court issued its Case Management Order. (Dkt. No. 5.) On September 21, 2018, Defendant filed a Motion to Dismiss (the "Motion") in which Defendant argues that the Court lacks jurisdiction because "it appears that Plaintiff has received the relief that he sought," and, further, Plaintiff "has not received a final decision from the Commissioner." (Dkt. No. 6.) On September 25, 2018, the Court ordered Plaintiff to file an Opposition to the Motion no later than October 16, 2018. (Dkt. No. 9.) On October 18, 2018, the Court received in the mail the

1

Court's September 19, 2018 Case Management Order, which was marked "return to sender" and "address unknown." (Dkt. No. 10.)

On November 8, 2018, after Plaintiff had missed his deadline for filing an opposition to the Motion by more than three weeks, the Court ordered Plaintiff to show cause no later than November 22, 2018 why the action should be not dismissed for failure to prosecute and oppose the Motion pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 7-12. (Dkt. No. 11.)

More than two weeks have now passed since the deadline for Plaintiff's response to the Court's November 8, 2018 Order, and the Court has not received any communication from Plaintiff. Indeed, Plaintiff has not communicated with the Court about his case since the action was removed to federal court almost three months ago. Accordingly, the Court concludes that the action should be dismissed without prejudice for Plaintiff's failure to prosecute, oppose a motion to dismiss, and notify the Court of his change of address pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 7-12 and 41-6.

**DISCUSSION**

Local Rule 41-6 states that "[i]f mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." In the instant case, more than 50 days have passed since the Court's September 19, 2018 Case Management Order was returned undelivered by the Postal Service. To date, Plaintiff has not notified the Court of a current address. Further, under Local Rule 7-12, a litigant's "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of [a] motion." Finally, Rule 41(b) of the

Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has allowed a Motion to Dismiss to languish on the Court's docket for more than two months without responding, has never communicated with the Court about his case, and has neglected to keep the Court apprised of his current address. Plaintiff's inaction – and unknown whereabouts – hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), here, Plaintiff has provided no explanation, frivolous or otherwise, for his failure to engage in this matter since it was removed to federal court almost three months ago. Accordingly, the "prejudice" element favors dismissal.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court invited Plaintiff to request an extension of time to oppose the Motion, and Plaintiff neglected to respond. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer available or appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot reach the merits of a case when Plaintiff has failed to oppose a pending motion to dismiss, has never communicated with the Court about his case, and has neglected to keep the Court apprised of his current address. Thus, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the above captioned matter is DISMISSED without prejudice, and, as required by Rule 58(a)(1) of the Federal Rules of Civil Procedure, final judgment will be issued separately.

IT IS SO ORDERED.

DATED: December 11, 2018

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE